James WOODARD, Guardian of
Rayellea Woodard, a child,
Plaintiff-Appellant,

v.

LOS FRESNOS INDEPENDENT
SCHOOL DISTRICT, et al.,
Defendants-Appellees.

No. 83–2554
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 29, 1984.

Joe Alfred Izen, Jr., Houston, Tex., for plaintiff-appellant.

Wiech & Black, John Wm. Black, Brownsville, Tex., for defendants-appellees.

Before RUBIN, JOLLY and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

■ The issue is whether a high school student was denied due process of law when she was given three punitive spanks for using abusive languge to a school bus driver. School regulations permitted parents to choose the appropriate form of punishment for their children. The student's mother chose three days' suspension. The student requested that, instead of being suspended, she be disciplined by three strikes with a paddle. We hold that this departure from school rules at the minor's request was not a denial of her constitu-tional rights. This was at most a tort for which state courts afford relief. It did not deny the student either liberty or property without due process.

■ Every tort committed by a state official is not a violation of constitutional rights. Every deviation from a state agency regulation does not constitute a denial of due process. The fourteenth amendment did not make every trespass by a state government a deprivation of federal constitutional rights. Invocation of § 1983 and the fourteenth amendment to obtain redress for three strokes of a paddle administered with the consent of the person paddled denigrates the fundamental values they embody. We, therefore, affirm the district court judgment dismissing the suit.

Rayellea Woodard was a 16-year-old student at Los Fresnos High School. According to her complaint, filed by her father as her guardian, she was accused of using abusive language to a school bus driver. The assistant principal offered her three punishment options: three weeks' exclusion from the school bus, three days' suspension from school, or three swats with a paddle. The student denied her guilt, and the assistant principal agreed to investigate. That night the student discussed the matter with her mother, and on the following day the mother had several discussions with the assistant principal. In the last discussion, she told him that she and her husband preferred three days' suspension as the appropriate punishment, and the assistant principal agreed. The complaint alleges that, nonetheless, later during this same day, the assistant principal summoned the student from class and insisted that she make the decision concerning the method of punishment. The student elected three swats because she would be unable to get to school without riding the bus and suspension would hurt her scholarship standing.[1] Three strokes were administered by a female physical education in-

1. Although for purposes of the motion we presume the correctness of the allegations of the complaint, the defendants allege that the stu-dent was informed of her parents' choice and "flatly refused that option."

structor, and the student returned to class. The complaint does not allege that she suffered any injury as a result or that the strokes were administered with undue severity.

School regulations permit parents to choose the appropriate punishment for their minor children and to approve or reject corporal punishment. The complaint alleges that the student was denied procedural due process because she was not given notice and a hearing before discipline was imposed and that she was denied both due process and equal protection because the school rules were violated. It alleges also that the acts of the assistant principal and the physical education teacher constituted gross negligence and "a conscious and willful disregard for the student's rights." It seeks actual damages of $75,-000 and punitive damages of $150,000 from the school district, the assistant principal, and the physical education teacher.

■■■ The district court granted the school district's motion to dismiss. Because the case was dismissed on the pleadings, all facts alleged in the complaint must be accepted as established. *Rathborne v. Rathborne*, 683 F.2d 914, 918 and n. 14 (5th Cir.1982). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would provide a basis for relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■■■ Corporal punishment of school children does not of itself constitute cruel and unusual punishment.[2] The infliction of punishment may transgress constitutionally protected liberty interests, but, if the

state affords the student adequate post-punishment remedies to deter unjustified or excessive punishment and to redress that which may nevertheless occur, the student receives all the process that is constitutionally due.[3] Texas provides these common law traditional remedies.[4]

■■■ Woodard points out that the Supreme Court has required federal agencies to follow their own regulations.[5] As the Court explained in *United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979), however, the failure of an agency to follow its own regulations is not per se a denial of procedural due process. As in *Caceres*, the Constitution does not prescribe particular procedures that must be followed before the administrative action at issue here can be taken.[6] The due process clause requires no greater adherence to extra-constitutional protections when adopted by state agencies than it does when they are adopted by federal agencies.

■■■ Although the Supreme Court has not yet determined whether corporal punishment of a public school child may give rise to an independent cause of action to vindicate substantive rights under the due process clause,[7] we have held that it does not.[8] Woodard argues, however, that the assistant principal's deviation from school regulations deprived her of substantive due process. Because corporal punishment would not have been administered if the regulation had been followed, the contention runs, this violation was not merely "technical," and hence "procedural." Woodard thus attempts to distinguish a district

2. *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

3. 430 U.S. at 675–80, 97 S.Ct. at 1415–17, 51 L.Ed.2d at 732–735.

4. *See Hogenson v. Williams*, 542 S.W.2d 456, 459–60 (Tex.Civ.App.1976); *Harris v. State*, 83 Tex.Cr.R. 468, 203 S.W. 1089 (1918).

5. *See, e.g., United States ex rel. Accardi v. Slaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed.

681 (1954); *Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957).

6. *Ingraham v. Wright, supra.*

7. *See Ingraham v. Wright*, 430 U.S. at 678, n. 47, 97 S.Ct. at 1416 n. 47, 51 L.Ed.2d at 1416, n. 47.

8. *Ingraham v. Wright*, 525 F.2d 909, 916 (5th Cir.1976) (en banc), *aff'd on other grounds*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

court decision holding that punishment administered without the witness required by state law did not amount to a constitutional violation.[9] This argument is simply a semantic effort to characterize failure to follow regulations, a procedural violation par essence, as arbitrary and capricious conduct, hence a denial of substantive rights. Corporal punishment is a deprivation of substantive due process when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning.[10] The Fourth Circuit has conducted a different inquiry: whether the force applied in an individual instance "caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience."[11] This case does not require reevaluation of our refusal in *Ingraham* to examine particular episodes for conformity with substantive due process,[12] for the allegation that three swats were administered without compliance with local regulations presents neither arbitrary and capricious state action nor inhumane and shocking abuse of official power.

For these reasons, the judgment is AFFIRMED.

**9.** *Rhodus v. Dumiller,* 552 F.Supp. 425, 428 (M.D.La.1982).

**10.** *Ingraham v. Wright,* 525 F.2d at 916.

**11.** *Hall v. Tawney,* 621 F.2d 607, 613 (4th Cir. 1980).

**12.** 525 F.2d at 916.