UNITED STATES of America,
Plaintiff-Appellee,

v.

Alfred GABER, a/k/a Alfred Jabir,
Defendant-Appellant.

No. 84–1418
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1984.

Tarlton, Douglas Kressler & Wuester, William O. Wuester, III, Fort Worth, Tex., for defendant-appellant.

James A. Rolfe, U.S. Atty., Jimmy L. Tallant, Asst. U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before   REAVLEY,   POLITZ   and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Alfred Gaber appeals his conviction on a guilty plea, contending that the government failed to establish an adequate factual basis of his guilt of the crime charged. Finding neither error of fact in the trial judge's findings nor error of law in his conclusions, we affirm.

## Facts

Gaber was charged with obstruction of correspondence, 18 U.S.C. § 1702,[1] for his involvement in the interception and opening of a letter addressed to Tom Trainer and the removal, endorsing and negotiating of a check in the amount of $4500, payable to Trainer, found therein. It appears that Gaber moved into premises previously occupied by Trainer at 2651 Gravel Road, Fort Worth, Texas, that a letter addressed to Trainer was taken from the mailbox at that residence and opened and a check to Trainer was removed. It further appears that Gaber forged Trainer's name to the check which was then deposited to Gaber's account at the First United Bank, North Richland, Texas.

At a rearraignment Gaber's counsel made known Gaber's intention to enter a guilty plea. After the indictment was read by the assistant United States Attorney, the court carefully explained the consequences of a plea of guilty and the rights thereby waived. After finding the plea "voluntarily and understandingly made," the court asked the prosecutor to file and read a factual resume of the offense, with this caution to the defendant: "Now, Mr. Gaber, pay attention to this because it's important that we get it correct. And if there is some error, I want you to point it out." Thereafter the AUSA read:

> Facts: On or about July 21, 1983, Mobile American Sales Corporation, Houston, Texas, mailed a check in the amount of $4500 to Tom Trainor [sic], 2651 Gravel Road, Fort Worth, Texas. Tom Trainor [sic] had recently moved from said address and the property was occupied by the defendant at the time the check was delivered. The defendant opened the letter, removed the check, forged the endorsement of the payee, deposited the check to his account at the First United Bank, North Richland Hills, Texas. check [sic] was deposited to defendant's

account July 27, 1983. The payee of the check did not authorize the defendant to receive the check or to deposit it to the defendant's account.

After reading the resume, the AUSA advised the court that Gaber challenged the accuracy of part of the recitation. This colloquy then ensued:

> Your Honor, I understand that counsel for the defense discussed with with [sic] Jimmy Tallant, who is handling this case, and they both agree that contrary to what the factual resume says here, that the defendant did not open the letter, that he was aware it was opened and was a party to the action, that he did endorse it, and that he was aware that it was deposited, but that he did not deposit it. Is that correct?
>
> Mr. McKINNEY [defense counsel]: That's correct, Your Honor.
>
> THE COURT: Okay. Can you get that rewritten?
>
> MR. SHEEHAN [AUSA]: Yes, sir.
>
> THE COURT: And—or you all can write it on the back here. Let us finish, and you all write it in longhand down here where it says bond, the corrections.
>
> MR. McKINNEY: We also need to make a statement that he was a party to it along with two other people.
>
> MR. SHEEHAN: I don't know the names of the other two people. I believe they can make that statement when they—
>
> THE COURT: Okay. You can write it here or you can get Tallant to rewrite a correct one.
>
> MR. SHEEHAN: I'll get it re-typed, Your Honor, I think that would be better.

Following that discussion the court discussed the evidence needed for a conviction, ultimately focusing on the embezzling element which would have to be proven

---

**1.** 18 U.S.C. § 1702 provides in pertinent part: Whoever takes any letter ... out of any ... authorized depository for mail matter ... before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, ... or opens, secretes, embezzles, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

beyond a reasonable doubt. Upon receiving a "Yes, sir" response to the inquiry: "Do you understand what they would have to prove, that you acted with intent to embezzle the contents of said letter," the court found a factual basis for the plea, accepted the plea and pronounced the defendant guilty.

The factual resume was revised and filed. It bears the signatures of AUSA Tallant, Gaber, and defense counsel McKinney under the word "Correct." As revised it declares:

> On or about July 21, 1983, Mobile American Sales Corporation, Houston, Texas, mailed a check in the amount of $4,500 to Tom Trainor [sic], 2651 Gravel Road, Fort Worth, Texas. Tom Trainer had recently moved from said address and the property was occupied by the defendant at the time the check was delivered. The defendant, along with two other persons, opened the letter, removed the check, forged the endorsement of the payee and deposited the check to the defendant's account at the First United Bank, North Richland Hills, Texas. The defendant personally forged the endorsement of the payee on said check and had knowledge of the fact that is [sic] was deposited by another party. The check was deposited to the defendant's account on July 27, 1983. The payee of the check did not authorize the defendant to receive the check or to deposit it to the defendant's account.

At Gaber's sentencing hearing, held 18 days after his guilty plea allocution, the following exchange occurred:

> THE COURT: You appeared in this Court on February the 10th and pled not guilty. And you re-appeared on April the 9th, 1984 with your attorney, Mr. McKinney, and entered a plea of guilty to obstruction of correspondence. And on April the 9th, 1984, the Court found that your plea of guilty was knowingly and understandingly made, and that your plea of guilty was factually supported. The factual support was based on the factual resume read into the record.

> You advised the Court that you understood the elements of the offense, and that the facts contained in the factual resume, which the government says it could prove beyond a reasonable doubt, and that those facts would support the elements of the offense, you said were true and correct. And I ask you again today, is the factual information true and correct?

> DEFENDANT GABER: Yes, sir.

> THE COURT: All right. Do you know what I'm talking about?

> DEFENDANT GABER: Yes, sir.

> THE COURT: The facts as to how you got this mail and so forth.

> DEFENDANT GABER: Yes, sir, I understand.

### Analysis

Gaber contends on appeal that the factual predicate for the offense was insufficient to support the guilty plea, maintaining that there was insufficient proof that he participated in the removal of the letter from the mailbox. Gaber contends that this is a necessary element of a § 1702 offense. We disagree. We find persuasive the decisions by our colleagues holding that § 1702 protects mail until it is physically delivered to the addressee or his authorized agent. See e.g., United States v. Brusseau, 569 F.2d 208 (4th Cir.1977); United States v. Ashford, 530 F.2d 792 (8th Cir. 1976); United States v. Brown, 425 F.2d 1172 (9th Cir.1970); United States v. Wade, 364 F.2d 931 (6th Cir.1966); Maxwell v. United States, 235 F.2d 930 (8th Cir.), cert. denied, 352 U.S. 943, 77 S.Ct. 266, 1 L.Ed.2d 239 (1956).

While there is no "goose" case in this circuit, Instruction 31 of the Fifth Circuit Pattern Jury Instructions (Criminal Cases) (1979), informs our judgment. That instruction advises:

> Title 18, United States Code, Section 1702, provides in part that:

> > "Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter ... before it has been delivered

to the person to whom it was directed, with design to obstruct the correspondence [shall be guilty of an offense against the United States]."

There are two essential elements which must be proved beyond a reasonable doubt in order to establish the offense proscribed by this law:

*First:* That the Defendant knowingly took mail out of a post office, or an authorized depository for mail matter, before delivery to the person to whom it was directed, as charged; and

*Second:* That in so doing the Defendant acted willfully with design to obstruct the correspondence.

A private mail box or mail receptacle is an "authorized depository for mail matter," and mail has not been delivered until it has been removed from such a depository by the addressee or someone acting in his behalf.

To "take" mail with "design to obstruct the correspondence" means to seize or steal such mail and convert it to one's own use or the use of another, thereby preventing or obstructing its delivery to the person to whom it was directed.

We hold today that the protections of § 1702 continue until the mail is physically delivered to the addressee or the authorized agent of the addressee. Accordingly, Gaber's argument that someone else took the letter from the authorized depository thus shielding him from § 1702 exposure is rejected. Even if we accepted Gaber's contention it would avail him naught, for Gaber knew the letter and the check were for Trainer, the prior occupant of the premises, he participated in the interception, and was aware that the letter had not been delivered to Trainer when he took the check and forged Trainer's name thereon.

▇▇▇ Fed.R.Crim.P. 11(f) directs that the court should not convict on the guilty plea without first becoming satisfied of the factual basis for the plea. This the district court did. Our review of the district court's finding that a factual basis existed for a plea proceeds under the clearly erroneous standard. *United States v. Dayton,* 604 F.2d 931 (5th Cir.1979) (en banc), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980). We find the district court's finding far from erroneous; it is eminently correct. The judgment of the district court is AFFIRMED.