Dwight and Karen JEFFERSON, on their own Behalf and on Behalf of their minor daughter, Jardine Jefferson, Plaintiffs-Appellees,

v.

The YSLETA INDEPENDENT SCHOOL DISTRICT, Defendant,

Mr. Dick Gore and Ms. Cynthia Goodman, Defendants-Appellants.

No. 86–1097.

United States Court of Appeals, Fifth Circuit.

May 20, 1987.

Edward W. Dunbar, Mark Berry, El Paso, Tex., for defendants-appellants.

Thomas A. Spieczny, El Paso, Tex., for plaintiffs-appellees.

Before GEE, POLITZ, and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

In this 42 U.S.C. § 1983 case the district court denied defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss based on the plaintiffs' failure to state a claim upon which relief could be granted and the defendants' plea of qualified immunity. Because it poses solely a question of law, the ruling on qualified immunity is appealable, *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1986). Finding that the pleadings allege conduct which "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known," *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), we affirm.

### Contextual Facts

The allegations of the complaint, which for purposes of a Rule 12(b)(6) motion are assumed correct, present the following scenario. Jardine Jefferson, the eight-year-old daughter of complainants Dwight and Karen Jefferson, was a student at Glen Cove Elementary School, part of the Ysleta Independent School District, El Paso, Texas. Dr. Dick Goré was principal of the school and Cynthia Goodman was Jardine's second-grade teacher.

On January 30 and 31, 1985, Ms. Goodman tied Jardine to a chair, using a jump rope and securing her by the waist and legs. During the first day Jardine was tied to the chair for the entire school day, except for the lunch hour. On the second day Jardine was tied to the chair for protracted periods. While tied, Jardine was denied access to the bathroom. This treatment, which no other student received, was not for punishment but was part of an instructional technique imposed by school policy. The pleadings allege that as a consequence of this exercise Jardine suffered humiliation and mental anguish, and was impaired in her ability to study productively.

In addition to several state law causes of action, the complainants invoked 42 U.S.C. § 1983, alleging that Gore, Goodman, and the school district violated the rights secured to Jardine by the fourth, fifth, eighth, and fourteenth amendments.

The defendants moved to dismiss claiming that the allegations did not state a cause upon which relief could be granted. This part of the motion was denied and is not subject to an interlocutory appeal. In addition, defendants claimed qualified immunity. This denial, based exclusively on an issue of law, is immediately appealable under the special exception enunciated in *Mitchell v. Forsyth*, applying the rule of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.2d 1528 (1949), to denial of a claim of qualified immunity. *See Jacquez v. Procunier*, 801 F.2d 789 (5th Cir.1986).

*Analysis*

■ The defense of qualified immunity protects a public official from liability in the performance of his duties unless he violates a clearly established statutory or constitutional right of another known to or knowable by a reasonable person. *Harlow v. Fitzgerald.* The principal and teacher defendants are thus immune from civil liability to Jardine unless their alleged conduct, tying Jardine to her chair in the classroom for nearly two days, violated one or more of Jardine's constitutional or statutory rights of which they reasonably should have been aware. In making this inquiry at this early stage of the proceeding, we focus "not on the defendant's actions but on the right allegedly violated." *Bonitz v. Fair*, 804 F.2d 164, 167 (1st Cir. 1986).

■ The facts alleged, if proven, would implicate, *inter alia*, Jardine's fifth and fourteenth amendment rights to substantive due process, specifically her right to be free from bodily restraint. We have stated that "[t]he right to be free of state-occasioned damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process." *Schillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981) (*citing Hall v. Tawney*, 621 F.2d

607, 613 (4th Cir.1980)). The same applies to state-occasioned restraints which are not justified by the victim's conduct or other extenuating circumstances.

In determining what a reasonable teacher should know in this instance, it is not necessary to point to a precedent which is factually on all-fours [1] with the case at bar. It suffices that the teacher be aware of general, well-developed legal principles. *Cf. Sourbeer v. Robinson*, 791 F.2d 1094 (3d Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 3276, 96 L.Ed.2d —— (1987).

We are persuaded that in January 1985, a competent teacher knew or should have known that to tie a second-grade student to a chair for an entire school day and for a substantial portion of a second day, as an educational exercise, with no suggested justification, such as punishment or discipline, was constitutionally impermissible. A young student who is not being properly punished or disciplined has a constitutional right not to be lashed to a chair through the school day and denied, among other things, the basic liberty of access to the bathroom when needed.

Defendants seek the protection of the ruling in *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977), which held that students do not have an eighth amendment right to be free from corporal punishment. Defendants misperceive both the pleadings and the law. The petition asserts that Jardine was not being punished, but was the subject of an instructional technique. As such, the holding of *Ingraham v. Wright* and its progeny are inapposite. Further, even if this were punishment, it would not necessarily be protected conduct, for as we noted in *Woodard v. Los Fresnos Independent School District*, 732 F.2d 1243, 1246 (5th Cir.1984), "[c]orporal punishment is a deprivation of substantive due process when it is arbitrary, capricious, or wholly unrelated to the

---

**1.** A commanding precedent is also referred to as a "Goose" case in Louisiana, *United States v. Gaber*, 745 F.2d 952 (5th Cir.1984); "Spotted Horse" or "Spotted Dog" cases in Alabama, *Hand v. International Chemical Workers Union*, 681 F.2d 1308 (11th Cir.1982); "Cow" case in Kansas, *Somers v. Harris Trust & Savings Bank*, 1 Kan.App.2d 397, 566 P.2d 775 (Kan.Ct.App. 1977); and "White Horse" or "White Pony" cases in Texas, *Wood v. Texas*, 632 S.W.2d 734 (Tex.Crim.App.1982).

legitimate state goal of maintaining an atmosphere conducive to learning."

At this stage of the proceedings defendants are not entitled to a dismissal as a matter of law based on their claim of qualified immunity. In so holding, we express no opinion on the ultimate resolution of this matter after the facts are fully developed. That decision will first lie with the district court to whom it is entrusted.

The judgment of the district court rejecting the claim of qualified immunity is AFFIRMED.