888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur BRAGGS, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 89-1149.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1989.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and WILLIAM O. BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Arthur Braggs III, appeals the district court's order denying his motion to withdraw his guilty plea.
 
 I.
 
 2
 On June 8, 1988, a grand jury for the Eastern District of Michigan returned a superseding indictment charging defendant-appellant, Arthur Braggs III, with one count of conspiracy to distribute in excess of five hundred (500) grams of cocaine, in violation of 21 U.S.C. 841(a)(1) and two counts of using a communication facility to facilitate a conspiracy to distribute cocaine, in violation of U.S.C. 843(b).
 
 
 3
 On October 17, 1988, the third day of jury selection for trial of this matter, Braggs entered into a plea agreement with the Government pursuant to Fed.R.Crim.P. 11. Braggs agreed to plead guilty to conspiracy to distribute cocaine and marijuana in return for a dismissal of the other two counts, and an assurance that his incarceration would not exceed the lower limit of the applicable guideline sentence range of fifteen to twenty-one months, assuming a level one criminal history.
 
 
 4
 In the process of taking the guilty plea, the district court asked Braggs whether he believed the government had evidence which could convict him of the offense of conspiracy to distribute cocaine and marijuana. J.App. at 81. Braggs responded, "Marijuana yes, sir. Cocaine, no." Id. The district court asked the government to describe the basis for the guilty plea, and the prosecutor stated that he possessed intercepted telephone calls and a statement made by Braggs at the time of his arrest that he was acquiring cocaine and marijuana for distribution. J.App. at 82.
 
 
 5
 The district court then advised Braggs that in order to be convicted of conspiracy to distribute cocaine and marijuana, Braggs must have had knowledge of substantial quantities of cocaine. J.App. 83-85. After this explanation, the district court asked Braggs if he accepted the fact that the government had evidence from which his knowledge of cocaine distribution could be inferred. Braggs said, "Yes." J.App. at 85. The district court then accepted Braggs' guilty plea, finding that there was a sufficient basis for the plea pursuant to Fed.R.Crim.P. 11(f).
 
 
 6
 On January 12, 1989, Braggs moved to withdraw his guilty plea, pursuant to Fed.R.Crim.P. 32(d)(1), maintaining that he had entered his plea in the belief that he could get a leave of absence for the duration of his incarceration without losing his job. Braggs argued that subsequent to the plea agreement, he had learned that he could not take more than a six month leave of absence without losing his employment, and that the shortest possible sentence he could receive under the guidelines was eighteen months because he had previously been convicted of a felony for drunk driving. The district court denied Bragg's motion and sentenced him to eighteen months imprisonment in accordance with the plea agreement. J.App. at 105.
 
 II.
 A.
 
 7
 Braggs' first claim on appeal is that the district court did not comply with Fed.R.Crim.P. 11(f) because the court failed to develop a sufficient factual basis for his guilty plea in relation to the conspiracy to possess over 500 grams of cocaine with intent to distribute. Fed.R.Crim.P. 11(f) provides:
 
 
 8
 Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a basis for the plea.
 
 
 9
 A trial court's finding that there is an adequate factual basis for a plea is reviewed by a clearly erroneous standard, whether the trial court makes an actual finding of adequate factual basis or merely accepts the plea. United States v. Gaber, 745 F.2d 952, 955 (5th Cir.1984). In the instant case, the record shows that the district judge engaged in substantial dialogue with Braggs regarding his understanding of the charge and his plea, specifically questioned the prosecutor as to the basis of Braggs' plea, and described the charge at length. J.App. at 81-86.
 
 
 10
 This court has stated that as long as one knows the general purpose of a conspiracy,
 
 
 11
 [a] person may be guilty of a conspiracy even though he has limited knowledge as to the scope of the conspiracy and no knowledge of details of the plan of operation in furtherance thereof or of the membership in the conspiracy or of the part played by each member.
 
 
 12
 United States v. Chambers, 382 F.2d 910, 913 (6th Cir.1967). In the instant case, Braggs' admission that he was involved in the distribution of marijuana, one of the two objects of the conspiracy, was sufficient to establish a factual basis for the plea. In addition, during the plea taking process, Braggs admitted that he knew the conspiracy involved substantial amounts of cocaine. Thus, we conclude that the district court made the necessary inquiry on the record to determine that there was an adequate factual basis for Braggs' plea.
 
 B.
 
 13
 Bragg's second claim is that the district court abused its discretion in denying his motion to withdraw his guilty plea. Fed.R.Crim.P. 32(d), states that a court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. Braggs claims that he moved to withdraw his plea because he was innocent of the offense charged and because he entered the guilty plea based on a mistaken belief that he could retain his employment if he was sentenced within the guideline range of fifteen to twenty-one months.
 
 
 14
 Permission to withdraw a guilty plea is within the broad discretion of the district court. United States v. Goldberg, 862 F.2d 101, 103 (6th Cir.1988). In Goldberg, this court enumerated five factors which the court may consider in evaluating whether a defendant has established a fair and just reason for withdrawing his plea:
 
 
 15
 1. Whether the movant asserted a defense or whether the has consistently maintained his innocence.
 
 
 16
 2. The length of time between the entry of the plea and the motion to withdraw.
 
 
 17
 3. Why the grounds for withdrawal were not presented to the court at an earlier time.
 
 
 18
 4. The circumstances underlying the entry of the plea of guilty, the nature and the background of the defendant and whether he has admitted his guilt.
 
 
 19
 5. Potential prejudice to the government if the motion to withdraw is granted.
 
 
 20
 Id. In considering the five factors above, the court noted that Goldberg had delayed 55 days in filing his motion to withdraw, that he had been satisfied with his counsel at the time of the plea and that he had avoided trial with his co-defendants by entering the plea, thereby prejudicing the government. Because three of the five factors weighed against the defendant, this court affirmed the district court's denial of the motion to withdraw.
 
 
 21
 Applying the Goldberg factors, the district court found that: 1) Braggs had admitted his guilt for possession and distribution of marijuana and his knowledge that the conspiracy involved substantial amounts of cocaine; 2) Braggs delayed 93 days in filing his motion to withdraw; 3) the delay occurred because had not made diligent efforts to find out about the conditions under which he could maintain his employment; 4) Braggs' plea had not been entered in a vacuum but against a background of pretrial proceedings and a long, complex pattern of plea negotiations; and 5) the government would be prejudiced because the trial of Braggs co-conspirators had been completed before Braggs filed his motion to withdraw his plea, thereby necessitating a new trial. Because all of the Goldberg factors weigh against permitting Braggs to withdraw his plea, we find that the district court did not abuse its discretion in denying Braggs' motion to withdraw his guilty plea.
 
 III.
 
 22
 For the reasons stated above, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation