# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2014

Lyle W. Cayce
Clerk

No. 13-60608

TREY CLAYTON, a minor, by and through his natural mother Dana
Hamilton,

Plaintiff - Appellant

v.

TATE COUNTY SCHOOL DISTRICT; JAMES MALONE, in his official
capacity as Conservator of Tate County Schools and in his individual
capacity; JEROME MARTIN, in his official capacity as Assistant Principal
and in his individual capacity,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:11-CV-181

Before DENNIS and PRADO, Circuit Judges, and BROWN, District Judge.*

PER CURIAM:**

After being corporally punished by Jerome Martin ("Martin")—an
assistant principal at Independence High School and one of the defendants in
this case—Trey Clayton ("Clayton"), through his mother, brought suit against

---

* District Judge of the Eastern District of Louisiana, sitting by designation.
** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-60608

the school district, the conservator of the school district, and Martin, asserting, as relevant here, violations of Clayton's Eighth Amendment, procedural due process, substantive due process, and equal protection rights. The defendants moved to dismiss for failure to state a claim, which the district court ultimately granted. Additionally, Clayton moved to recuse the judge based on his conduct in the present litigation and in two other cases over which the judge presided and in which Clayton's counsel represented the plaintiffs in those cases. The district court denied the motion. For the reasons that follow, we AFFIRM.

## BACKGROUND

### I.

The following facts are drawn from Clayton's complaint. During the 2010–2011 academic year, Clayton was an eighth-grade student at Independence High School, part of the Tate County School District. On March 10, 2011, Clayton arrived at his second-period English class and discovered that another student was occupying Clayton's assigned seat. Because Clayton was not in his assigned seat, his teacher sent him to the library. Martin noticed Clayton sitting in the library and approached him, stating that his bad behavior was going to stop. Martin appeared angry and agitated.

Martin told Clayton to follow Martin to his office. Martin, with another of the school's assistant principals as a witness, then struck Clayton three times on the buttocks with a paddle and "with excessive and great force." The paddling left visible bruising and welts on Clayton's buttocks, which were visible for days thereafter. Additionally, seconds after being paddled, Clayton fainted and fell, face first, onto the concrete floor in the hallway immediately outside Martin's office. When Clayton regained consciousness, he was bleeding, five of his teeth were shattered, and, it was later determined, his jaw was broken.

2

No. 13-60608

## II.

Clayton, through his mother, brought suit against the school district, Tate County School District Conservator James Malone ("Malone"), and Martin, the assistant principal, asserting, *inter alia*, violations of his Eighth and Fourteenth Amendment rights. The defendants moved to dismiss for failure to state a claim. Initially, the district court denied the motion but directed Clayton to either amend his complaint or face sanctions for advancing what the district court suggested were meritless claims. Clayton moved to reconsider and further moved to recuse the judge. The district court reconsidered the order directing Clayton to file an amended complaint, denied the motion to recuse, and granted the defendants' motion to dismiss. Clayton timely appealed.

## STANDARD OF REVIEW

"This court reviews a district court's grant of a motion to dismiss de novo." *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). "We accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Id.* "The facts taken as true must, however, 'state a claim that is plausible on its face.'" *Id.* at 637-38 (quoting *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 638 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "We review the denial of a recusal motion for abuse of discretion." *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012).

## DISCUSSION

### I.

In *Ingraham v. Wright*, the Supreme Court rejected an Eighth Amendment challenge to corporal punishment in schools, concluding that the

3

No. 13-60608

Amendment is inapplicable in that context. 430 U.S. 651, 683 (1977). Before beginning its analysis, however, the Court said that "[i]n addressing the scope of the Eighth Amendment's prohibition on cruel and unusual punishment th[e] Court has found it usual to refer to . . . the 'attitude[s] which our society has traditionally taken.'" *Id.* at 659 (quoting *Powell v. Texas*, 392 U.S. 514, 535 (1968) (plurality opinion)). It was in this context that the Supreme Court stated:

> Despite the general abandonment of corporal punishment as a means of punishing criminal offenders, the practice continues to play a role in the public education of school children in most parts of the country. Professional and public opinion is sharply divided on the practice, and has been for more than a century. *Yet we can discern no trend toward its elimination.*

*Id.* at 660-61 (emphasis added) (footnotes omitted). Clayton describes this last sentence as an "escape hatch" that lower courts may utilize to revisit binding Supreme Court precedent in the event that society's attitudes toward corporal punishment change. We disagree.

First, such a reading of *Ingraham* ignores the Court's text-, history-, precedent-, and policy-based reasons for concluding that the Eighth Amendment does not apply to corporal punishment in schools. *See id.* at 664-70. Second, the *Ingraham* Court implicitly rejected Clayton's reading when it explained, in a subsequent footnote, that changing social norms may affect the Court's determination that a particular form of punishment is "cruel and unusual" but do not affect whether the Eighth Amendment is applicable in the first instance. *See id.* at 668 n.36 ("Our Eighth Amendment decisions have referred to 'evolving standards of decency' only in determining whether criminal punishments are 'cruel and unusual' under the Amendment.") (citation omitted). Third, to the extent that *Ingraham* left open an escape hatch, it is available for the Supreme Court, and not this court, to use. The

4

No. 13-60608

district court therefore correctly dismissed Clayton's Eighth Amendment claims as foreclosed by *Ingraham*.

## II.

"To state a Fourteenth Amendment [procedural] due process claim under § 1983, 'a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)).  In *Ingraham*, the Supreme Court concluded that "corporal punishment in public schools implicates a constitutionally protected liberty interest," namely "freedom from bodily restraint and punishment," 430 U.S. at 672-74, which is necessarily deprived when a school official corporally punishes a student.

"In procedural due process claims," however, "'what is unconstitutional is the deprivation of such an interest *without due process of law*.'" *Morris v. Livingston*, 739 F.3d 740, 750 (5th Cir. 2014) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).  In *Ingraham*, the Court concluded that there is no procedural due process violation when a corporally punished student is not given the opportunity to be heard pre-deprivation.  *See* 430 U.S. at 680. Instead, the Court determined that the availability, post-deprivation, of state-law remedies satisfied due process.  *See id.* at 675-82.  Specifically, the Court noted that under Florida law—which was at issue in *Ingraham*—school officials who administer corporal punishment later deemed to be excessive may be held civilly or even criminally liable.  *Id.* at 676-77.  The same is true with respect to Mississippi law.  *See* MISS. CODE ANN. §§ 11-46-9(1)(x), 37-11-57(1)-(2).  We therefore conclude that the district court correctly dismissed Clayton's procedural due process claim as foreclosed by *Ingraham*.

5

No. 13-60608

## III.

This court "ha[s] held consistently that, as long as the state provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal punishment, whether it be against the school system, administrators, or the employee who is alleged to have inflicted the damage." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Furthermore, this court has specifically held that post-deprivation state-law remedies available in Mississippi provide an adequate remedy, barring a student subject to corporal punishment from asserting a substantive due process claim. *See Scott v. Smith*, 214 F.3d 1349, 1349 (5th Cir. 2000) (unpublished) (per curiam); *see also* MISS. CODE. ANN. §§ 11-46-9(1)(x), 37-11-57(1)-(2); *M.C. ex rel. Thurman v. Dorsey*, 909 F. Supp. 2d 568, 571-75 (S.D. Miss. 2012); *Bell v. W. Line Sch. Dist.*, Civil Action No. 4:07CV004-P-B, 2007 WL 2302143, at *3 (N.D. Miss. Aug. 7, 2007). We therefore conclude that the district court correctly dismissed Clayton's substantive due process claim as foreclosed by binding circuit precedent.[1]

## IV.

"To maintain an equal protection claim, a plaintiff typically alleges that he 'received treatment different from that received by similarly situated

---

[1] We acknowledge that the Supreme Court has said that "[a] plaintiff . . . may invoke § 1983," with respect to a substantive due process claim, "regardless of any state-tort remedy that might be available to compensate him for the deprivation of these rights." *Zinermon*, 494 U.S. at 125. Moreover, "the majority of the circuits have held that students affected by corporal punishment may raise [substantive due process] claims," with most circuits using the "shocks the conscience" test. Nicole Mortorano, Note, *Protecting Children's Rights Inside of the Schoolhouse Gates: Ending Corporal Punishment in Schools*, 102 GEO. L.J. 481, 489-90 (2014); *see also id.* at 489-90 nn.54-64 (collecting cases). Nevertheless, "[i]t is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). We are therefore bound to apply this circuit's precedent.

6

individuals and that the unequal treatment stemmed from a discriminatory intent.'" *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 212 (5th Cir. 2009) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)).  "[D]isparate impact alone" is not enough; rather, "a party who wishes to make out an Equal Protection claim must prove 'the existence of purposeful discrimination' motivating the state action which caused the complained-of injury."  *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997).  Clayton alleges that the school district administers its corporal-punishment policy in a gender-biased manner because male students are disproportionately punished.  We conclude, however, that Clayton has failed to plausibly allege how the putatively disparate treatment stemmed from discriminatory intent.

In his complaint, Clayton alleges that the purported disparate impact "stems from an institutionalized bias[] that male students misbehave more frequently than female students."  In support of his argument, Clayton attached to his complaint a *New York Times* article in which one of the individual defendants, Malone, refused to comment on the *Clayton* litigation "but [reportedly] said boys typically got in more trouble than girls."  *See* Dan Frosch, *Schools Under Pressure To Spare the Rod Forever*, N.Y. TIMES, Mar. 29, 2011, http://www.nytimes.com/2011/03/28/education/30paddle.html?_r=0. Assuming arguendo that this statement is sufficient to plausibly allege that Malone believes boys *should* be subject to corporal punishment more than girls *because* boys act out more—rather than that, as an empirical matter, boys get into trouble more often than girls do—that one school official believes this does not plausibly demonstrate that other school officials—much less Martin, who paddled Clayton—believe the same.  In other words, given the discretionary nature of the school district's corporal-punishment policy, there is no allegation that Clayton or any other male student was subject to corporal punishment because of a biased belief that troublesome boys *should* be punished more and

No. 13-60608

therefore that school officials use gender as an invidious criterion for determining who should be paddled.  Consequently Clayton has failed to state a claim for a violation of the Equal Protection Clause, and the district court correctly dismissed this claim. [2]

## V.

"Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "Courts have interpreted this statute to require recusal if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004) (citing *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860-61 (1988)).

Clayton asserts that Chief Judge Mills abused his discretion by failing to recuse himself based on his conduct in three cases in which Clayton's attorney represented the plaintiff and over which the judge presided: (1) *Thacker v. Prentiss County School District*, No. 1:09-cv-46 (N.D. Miss. 2010); (2) *Blevins v. East Tallahatchie School District*, No. 2:09-cv-151 (N.D. Miss.

---

[2] On appeal, Clayton argued that discriminatory purpose may also be gleaned from the deposition of Tate County School District Superintendent Gay Walker ("Walker"), which was taken in a separate suit against the school district and which also arose out of corporal punishment at Independence High School.  "[I]n deciding whether to grant a motion to dismiss," however, "a district court may not 'go outside the complaint.'" *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).  "There is one recognized exception to that rule: a district court may consider documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim."  *Id.* (citing *Scanlan*, 343 F.3d at 536).  The deposition testimony here was not "referred to in [Clayton's] complaint" and may therefore not be considered.  *See id.*

Regardless, reliance on Walker's testimony—in which the superintendent said that "boys are going to be more unruly. . . .  Probably [because of] testosterone"—suffers from the same fatal flaw: it is not plausible to say that any other school official—much less Martin— administers corporal punishment and is motivated to do so based on Walker's belief, as suggested by Clayton, that boys *should* be subject to corporal punishment *because* of their testosterone levels.

No. 13-60608

2009); and (3) *Clayton v. Tate County School District*, No. 2:11-cv-181 (N.D. Miss. 2013), the present litigation. On review of the circumstances and the challenged conduct in each case, we conclude that a reasonable person, knowing all of the facts, would not harbor concerns about the judge's impartiality. *Sensley*, 385 F.3d at 599. Accordingly, the judge did not abuse his discretion in denying Clayton's motion to recuse.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

9