346 So.2d 1039 (1977)
Joseph WILLIAMS and Horace Mann Mutual Insurance Company, a Foreign Corporation, Appellants,
v.
Charles James COTTON, a Minor, by His Mother and Next Friend, Lucille Cotton, and Lucille Cotton, Individually, Appellees.
No. CC-273.
District Court of Appeal of Florida, First District.
May 25, 1977.
Rehearing Denied June 30, 1977.
Davisson F. Dunlap, Jr., Pennington, Wilkinson & Sauls, Tallahassee, for appellants.
Harold E. Regan, M. Howard Williams, Tallahassee, for appellees.
DREW, E. HARRIS (Ret.), Associate Judge.
Plaintiffs, on being called for trial on an amended complaint charging negligence, announced on the record in open court a voluntary dismissal pursuant to Rule 1.420(a), F.C.P.R., whereupon the cause was *1040 dismissed by order of the trial court. Shortly thereafter, a second suit was filed sounding in negligence. Defendants, Williams and his insurance carrier, filed a joint answer generally denying the charge of negligence and, in addition thereto, alleged, jointly,
"As a separate and distinct defense to the actions alleged above, Defendants hereby state that any personal injury allegedly occasioned by physical contact between Charles James Cotton and Joseph Williams was the direct and proximate result of a verbal and physical assault and battery initiated by Charles James Cotton upon the person of Joseph Williams.
Any personal injury sustained by Charles James Cotton allegedly resulting from said altercation was a direct and proximate result of the acts initiated by said Charles James Cotton."
We make reference to the dismissal of the first suit because of the question of costs in that suit raised here by the plaintiff on cross-assignment of error. We will dispose of that question first.
Plaintiffs argue that the defendants should not have been awarded costs in the first case because there was no motion to tax costs in that case. The motion was made under the case number in the first case but the order taxing costs was entered by the trial court in the second case, under the case number of that case. Included in the same order was an award of costs in the second case. We find nothing irregular about this. Although it would have been appropriate to assess costs in the first action, Rule 1.420(d)[1] contemplates, and orderly procedure clearly permits the matter of assessing costs to await the determination of the second action. The cost judgment questioned in the cross-appeal is affirmed.
We now turn to the sole question raised in the main appeal, viz.,
"Simple negligence and intentional torts, such as assault and battery, are mutually exclusive causes of action, and evidence of assault and battery is fatal to an action based exclusively on simple negligence."
The motion for directed verdict at the close of plaintiff's case, renewed at the close of all the evidence, was made by both defendants, the individual Williams who was charged with negligence and his insurance carrier, jointly. The question is presented here under the lone assignment of error, viz.,
"The Circuit Court of the Second Judicial Circuit of Leon County, Florida erred in failing to grant Motion for Directed Verdict made by Defendants at the close of the Plaintiffs' case and renewed at the close of all of the evidence in that said denial is contrary to the law."
We are also concerned with the provisions of § 232.27, F.S.A.,[2] viz.,
"Each teacher or other member of the staff of any school shall assume authority for the control of pupils as may be assigned to him by the principal and shall keep good order in the classroom and in other places in which he is assigned to be in charge of pupils, but he shall not inflict corporal punishment before consulting the principal or teacher in charge of the school, and in no case shall such punishment be degrading or unduly severe in its nature. Under no circumstances may a *1041 teacher (except of a one-teacher school) suspend a pupil from school or class."
Cotton, one of the plaintiffs, 16 years of age at the time of the injuries received, was a mentally retarded person enrolled in Griffin Middle School. Williams, the defendant, was a teacher in the school and Cotton was one of his pupils. Cotton had been emotionally upset and unruly during the earlier part of the day and had been on one or more occasions reprimanded by Williams. The record establishes the fact that, in the class Williams was teaching, Cotton was unruly, boisterous and was disturbing the other students. After repeated requests by Williams to quiet down and take his seat, Williams and Cotton engaged in a physical confrontation necessitated, according to Williams and the other students, by the attempt of Williams to restore order in the classroom, a power and clear duty imposed on him under the provisions of § 232.27, F.S.A., supra. This statute, in authorizing  in fact requiring  a teacher to "keep good order" in his classroom necessarily implies the power to the teacher to use reasonable physical force [not amounting to corporal punishment] to do so. Without such reasonably implied power, the requirement to "keep good order" would be meaningless.
In this case, on the evidence before it, and pursuant to the instructions of the trial judge defining negligence, the jury found the use of excessive force by Williams resulting in serious injury to Cotton, amounted to actionable negligence and awarded damages therefor. We think there was sufficient evidence before the jury to support the verdict and that under the law it was justified.
In their motion for directed verdict appellants relied on the McDonald[3] case from the Second District. Appellants' attorney stated, "* * * the basis for my motion for a directed verdict at this point is found in the 1969 case of McDonald v. Ford." In granting a motion for a directed verdict in that case the court observed that the "testimony of the plaintiff in this case" established that the acts of the defendant constituted an intentional tort and that therefore, "There is nothing to submit this case to the jury on the negligence count." (Emphasis in quotation added.) In the case we now consider the testimony of the plaintiff does not establish an intentional tort. The vital difference in the case here and the case in McDonald is that here the record establishes that the defendant was authorized by law to take the action he did, to lay hands on the plaintiff, but in doing so used excessive force resulting in serious injury to Cotton. The use of excessive force in the performance of a lawful and authorized act, resulting in injury to another, may constitute actionable negligence.[4]
The question of whether the corporate defendant's policy covers intentional torts committed by Williams was not raised  nor has it been determined  by the trial court. There is nothing in this record on which a determination of this question could be reached. Whether this question has been foreclosed by the failure of the carrier to assert such defense in the trial court must await another day. The validity of the defense attempting to raise the intentional tort question (supra) pled by both defendants jointly, was not raised below, nor is it decided here. Obviously, it could have been presented only as a possible defense on behalf of the Insurance Company. Had Williams been the sole defendant in this case, it is difficult for us to perceive any circumstances under which he would have filed a defense (even if legally permissible) that he "intentionally" caused the injury alleged in the complaint. It is, therefore, not difficult for us to understand why both parties concede they have found no case directly on point. The cases cited by appellant are inapposite. These cases turn on the other points. For instance, in Jenkins v. North *1042 Carolina Dept. of Motor Vehicles, 244 N.C. 560, 94 S.E.2d 577 (1956), the court held the act committed by a police officer was a tort  not negligence  in determining whether the State was immune under its immunity statute for torts committed by its representatives  and in Williams v. Pressman, 113 N.E.2d 395 (Ct.App.Ohio 1953), the question was whether the statute of limitations (different in actions for assault and battery and negligence) was applicable.
We conclude, in summarizing, that the evidence was sufficient to have supported a finding that in the performance of his duty as a teacher, the defendant Williams was in the process of restoring order to his classroom caused by the conduct of the plaintiff and in doing so he exceeded the bounds of a reasonable and prudent person by using excessive force which caused plaintiff's injuries.
Affirmed.
BOYER, C.J., and RAWLS, J., concur.
NOTES
[1] (d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed the claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
[2] This law was amended by Ch. 76-236, ¶ 6, Laws of Florida 1976, and now reads:

"232.275 Liability of teacher or principal.  Except in the case of excessive force or cruel and unusual punishment a teacher or other member of the instructional staff, a principal or his designated representative, or a bus driver shall not be civilly or criminally liable for any action carried out in conformity with the state board and district school board rules regarding the control, discipline, suspension, and expulsion of students."
[3] McDonald v. Ford, 223 So.2d 553 (Fla. 2 DCA 1969).
[4] Such use of excessive force  as in this case  falls within the classic definition of negligence. See Am.Jur.2d 57 (Negligence) ¶ 1, page 333.