Howard COLEMAN and Lola Coleman, as administrators of and on behalf of their son, Eric Coleman, a minor, Plaintiffs-Appellants,

                              v.

FRANKLIN PARISH SCHOOL BOARD, etc., et al., Defendants-Appellees.

No. 82–3514
Summary Calendar.
United States Court of Appeals, Fifth Circuit.
April 4, 1983.

Jones, Jones & Jones, Benjamin Jones, Monroe, La., for plaintiffs-appellants.

Hayes, Harkey, Smith & Cascio, Haynes L. Harkey, Jr., Bruce M. Mintz, Monroe, La., for Bruce, St. Paul Fire & Marine Ins. and Batey.

Glynn D. Roberts, Asst. Dist. Atty., Rayville, La., for Franklin Parish Sch. Bd., et al.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

This suit by the parents of a black six-year-old first-grader for minor physical injuries sustained by the child when he was struck by a teacher was dismissed for failure to state a claim for which relief could be rendered. While we affirm the dismissal of the claims for denial of due process, the complaint also stated a claim for denial of equal protection. We reverse and remand for further proceedings on that claim.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *see also Richardson v. Fleming,* 651 F.2d 366, 367–68 (5th Cir. 1981). The complaint alleges that: the black child was engaged in minor horseplay in the school hall with a white boy of similar age and grade; the teacher, Bobbie Bruce, struck him on the head with a coffee cup, causing a small cut on the black child's head; the white child was not disciplined in any way; after school that day, the black child was taken by his mother to a doctor who sutured the cut with two stitches. The parents sought to hold the teacher liable for violating the child's constitutional right not to be corporally punished without due process and for inflicting corporal punishment without complying with state law and school regulations. They also alleged racial discrimination in violation of the equal pro-

tection clause of the fourteenth amendment and 42 U.S.C. §§ 1981 and 1983 (1976). They named as defendants not only the teacher but the Franklin Parish School Board, the school superintendent, the school's principal, and the School Board's insurer.

The defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, and the district court granted the motion based upon *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). The Supreme Court there held that "the Due Process Clause does not require notice and a hearing prior to the imposition of corporal punishment in the public schools, as that practice is authorized and limited by the common law." *Id.* at 682, 97 S.Ct. at 1418 (footnote omitted). *Ingraham,* the district court held, bars plaintiffs' claim for a violation of *procedural* due process.

In the en banc decision in *Ingraham,* we held that corporal punishment of a student by a teacher does not violate substantive due process. *Ingraham v. Wright,* 525 F.2d 909 (5th Cir.1976) (en banc), *aff'd,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). We found that corporal punishment in concept is not arbitrary, capricious, or wholly unrelated to the legitimate purpose of determining educational policy. *Id.* at 916. The district court, therefore, also, correctly found no denial of substantive due process.

By statute and jurisprudence, Louisiana has provided limits on the use of corporal punishment. The punishment must be used "in a reasonable manner" and "for good cause in order to maintain discipline and order." La.Rev.Stat.Ann. § 17:223 (West 1982). Plaintiffs also allege that the School Board has a "local ordinance" that limits the use of corporal punishment to paddling a student on the buttocks in a reasonable manner. If requested by the student, the paddling must be done privately in the presence of an adult witness. An action for damages in state court lies for a violation of § 17:223. *See* La.Rev.Stat.Ann. § 17:416.-1(B) (West 1982) (providing for defense and indemnification of accused state official). *See also McKinney v. Greene,* 379 So.2d 69, 71–72 (La.App.1979) (tort action against school principal). Thus the State of Louisiana has limited the use of corporal punishment in accordance with the common law as contemplated by *Ingraham.*

Plaintiffs contend that the defendants in this case did not follow the clearly expressed state and local guidelines for administering corporal punishment. Since Louisiana has limited the use of corporal punishment by state law, the Supreme Court's reasoning in *Ingraham* applies to this case. Relief for the violation of Louisiana law, if such a violation occurred, must be sought in Louisiana state courts. Therefore, the district court correctly held that plaintiffs did not state a claim for relief under the eighth amendment or under the due process clause, for either a procedural or a substantive violation.

The district court, however, did not address plaintiffs' claim that the defendants discriminated against their child on the basis of race pursuant to 42 U.S.C. §§ 1981[1] and 1983.[2] In order to state a claim for relief under §§ 1981 and 1983, the plaintiffs must allege purposeful discrimination. *Baldwin v. Birmingham Board of Education,* 648 F.2d 950, 954 (5th Cir.1981).

---

1. Section 1981 provides:
   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

2. Section 1983 provides in pertinent part:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The equal protection clause is not violated solely because an action has a racially disproportionate impact if it is not motivated by a racially discriminatory purpose. *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 264–65, 97 S.Ct. 555, 563, 50 L.Ed.2d 450, 464 (1976); *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). In this case, the plaintiffs pleaded intent and purpose to discriminate on the part of the defendants. At this stage, we review only the sufficiency of these allegations. Whether there is evidence to support the charge, and, if so, its sufficiency may not be tested by a motion to dismiss. The district court, therefore, improperly dismissed plaintiffs' claim for a violation of 42 U.S.C. §§ 1981 and 1983.

For these reasons the dismissal of charges alleging deprivation of due process, substantive and procedural, and cruel and unusual punishment is AFFIRMED. The complaint is REINSTATED insofar as it states a claim for a violation of §§ 1981 and 1983. The case is REMANDED for further proceedings consistent with this opinion.

Opinion on rehearing, 5th Cir., 708 F.2d 142.