**Lisa HARRIS as Natural Mother and Next Friend to Michael K. Stepp, Plaintiff,**

v.

**TATE COUNTY SCHOOL DISTRICT, et al., Defendants.**

**No. 3:94CV49–S–D.**

United States District Court, N.D. Mississippi, Western Division.

April 5, 1995.

Bobby T. Vance, Batesville, MS, Amy D. Whitten, Tollison Law Firm, P.A., Oxford, MS, for plaintiff.

S.T. Rayburn, Timothy M. Threadgill, Mitchell, McNutt, Threadgill, Smith & Sams, Oxford, MS, for defendants.

*OPINION*

SENTER, Chief Judge.

In this case, plaintiff alleges that her young son was paddled by a teacher in violation of constitutional and state law. This cause is presently before the court on defendants' motion to dismiss for failure to state a claim of constitutional magnitude.

■ The issue is simple: Were the child's Fourteenth Amendment procedural or substantive due process rights violated by the imposition of corporal punishment? The answer is no. Since 1977, the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have consistently held that a student's due process rights are not violated by the administration of corporal punishment if the state affords him adequate post-punishment remedies. *See Ingraham v. Wright,* 430 U.S. 651, 675–

80, 97 S.Ct. 1401, 1414–17, 51 L.Ed.2d 711 (1977) (although infliction of corporal punishment may transgress constitutionally protected liberty interests, if state affords student adequate post-punishment remedies to deter unjustified or excessive punishment and to redress that which may nevertheless occur, student receives all process that is constitutionally due); *Fee v. Herndon,* 900 F.2d 804, 808 (5th Cir.) ("Our precedents dictate that injuries sustained incidentally to corporal punishment, irrespective of the severity of these injuries or the sensitivity of the student, do not implicate the due process clause *if* the forum state affords adequate post-punishment civil or criminal remedies for the student to vindicate legal transgressions"), *cert. denied,* 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990); *Cunningham v. Beavers,* 858 F.2d 269, (5th Cir.1988) (as state common law post-punishment remedies were available, students failed to articulate substantive due process claim), *cert. denied,* 489 U.S. 1067, 109 S.Ct. 1343, 103 L.Ed.2d 812 (1989); *Woodard v. Los Fresnos Independent School District,* 732 F.2d 1243, 1246 (5th Cir.1984) (corporal punishment is deprivation of substantive due process "when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning"; swats administered in contravention of local regulations "presents neither arbitrary and capricious state action nor inhumane and shocking abuse of official power"); *Coleman v. Franklin Parish School Board,* 702 F.2d 74, 76 (5th Cir.1983) ("corporal punishment in concept is not arbitrary, capricious, or wholly unrelated to the legitimate purpose of determining educational policy").

■ Plaintiff attempts to avoid the clear holding of *Ingraham* and its progeny by arguing that Miss.Code Ann. § 37–11–53 "supplanted or at the very least materially altered the common-law due process rights previously applicable to corporal punishment in Mississippi public schools...." That statute, which took effect a few months before the disciplinary actions at issue here, states:

> A copy of the school district's discipline plan shall be distributed to each student enrolled in the district and the parents, guardian or custodian of such student shall sign a statement verifying that they have been given notice of the discipline policies of their respective school district. The school board shall have its official discipline plan legally audited on an annual basis to insure that its policies and procedures are currently in compliance with applicable statutes, case law and state and federal constitutional provisions.

Miss.Code Ann. § 37–11–53(1).

As it does not dictate the content of school disciplinary policies or require any kind of pre-punishment notice and hearing (or otherwise increase a student's due process rights), this statute is nothing more than a general mandate requiring schools to distribute their disciplinary policies, whatever they might be. Accordingly, the court finds that § 37–11–53 neither abrogates nor in any way alters the post-punishment remedies available to students under Mississippi common law for excessive punishment. Plaintiff has therefore failed to state a cause of action under the Constitution. Defendants' motion to dismiss the constitutional claims is granted, and they are hereby dismissed with prejudice.

■ Having dismissed the claims over which this court had original jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). Although this cause is trial ready (except for the filing of answers and a pretrial order) and scheduled for trial on May 1, 1995, the court believes that because of the sensitive nature of the facts and the remaining issues, the case is better tried in a state forum, and the state law claims are dismissed as well. They are dismissed without prejudice, however.

An appropriate final judgment shall issue.