**Alexander CARESTIO and Lydia Carestio, Plaintiffs,**

v.

**SCHOOL BOARD OF BROWARD COUNTY et al., Defendants.**

**No. 99–7168–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Nov. 24, 1999.

Hilliard Ennis Moldof, Fort Lauderdale, FL, for Plaintiffs.

Eugene K. Pettis, Haliczer Pettis & White, W. Earl Hall, Conrad & Scherer, Fort Lauderdale, FL, for Defendants.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon the Motion To Dismiss of Defendant School Board of Broward County (DE # 2).

UPON CONSIDERATION of the Motion, responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## BACKGROUND

Plaintiffs brought this action to remedy what they claim was excessive corporal punishment by certain employees of the School Board of Broward County against Marc Carestio ("Plaintiff"), a student at the South Area Alternative School.

According to the Complaint, Marc Carestio was in the process of being escorted by a security specialist to a "time out" room for misbehaving when he had a verbal altercation with a school security guard. Plaintiff claims that the verbal altercation escalated into a physical confrontation, at which time Plaintiff was punched. Plaintiff asserts that three employees of the school combined to beat him, and that he was ordered not to reveal the true nature of the beating. According to the Complaint, Plaintiff's eye was swollen shut, and he was treated for multiple abrasions to his face.

The Complaint sets forth four counts: two counts under 42 U.S.C. § 1983 and two counts for battery. Defendant moves to dismiss the Complaint on the grounds that Plaintiffs have failed to state a claim against Defendant under 42 U.S.C. § 1983 upon which relief can be granted, and that Plaintiffs have failed to state a claim for battery under which relief can be granted.

## DISCUSSION

### I. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. See Milburn v. United States, 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the Court notes that it must construe the complaint in the light that is most favorable to the plaintiff and accept all of the plaintiff's factual allegations as true. See SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir.1988), cert. denied sub nom. Peat Marwick Main & Co. v. Tew, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). Consideration of matters beyond the complaint is improper in the context of a motion to dismiss. See Milburn, 734 F.2d at 765 (11th Cir.1984).

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); see South Florida Water Management Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir.1996). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

### II. Corporal Punishment and 42 U.S.C. § 1983

In their Complaint, Plaintiffs do not assert that Florida's use of corporal punishment is unconstitutional. Rather, they assert that the actions of Defendants amounted to a violation of Marc Carestio's constitutional rights.

The United States Supreme Court has determined that Florida's use of corporal punishment is not, in and of itself, a violation of substantive due process. See Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

Furthermore, it is not the court's duty to determine the circumstances in which punishment in the classroom is appropriate, nor to ascertain the level of punishment due. See Ingraham v. Wright, 525 F.2d 909, 917 (5th Cir.1976) (en banc), aff'd on other grounds, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). In other words, it would be a "misuse of [ ] judicial power to determine, for example, whether a teacher has acted arbitrarily in paddling a particular child for certain behavior or whether in a particular instance of misconduct five licks would have been a more appropriate punishment than ten licks." Id.

This idea is consistent with the notion of federal judicial deference to the state court system in the realm of discipline in public

schools, as articulated by Justice Fortas in *Epperson v. Arkansas,* 393 U.S. 97, 89 S.Ct. 266, 21 L.Ed.2d 228 (1968):

> Judicial interposition in the operation of the public school systems of the nation raises problems requiring care and restraint .... By and large, public education in our nation is committed to the control of state and local authorities. Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values.

*Id.* at 104, 89 S.Ct. 266, *quoted in Ingraham,* 525 F.2d at 919.

That said, it is not the Court's view that the use of excessive force in corporal punishment should go unaddressed. Rather, the Court observes that there are sufficient remedies under Florida law to redress abuses in the administration of corporal punishment. *See Ingraham,* 525 F.2d at 917 ("We note again the possibility of a civil or criminal action in state court against a teacher who has excessively punished a child.").

■ In light of the adequate state and common law remedies available to redress the use of excessive force in corporal punishment in Florida,[1] it would be improper for the Court to determine whether the alleged corporal punishment inflicted was excessive. Accordingly, the above-captioned action should be adjudicated in state court.[2]

In drawing its conclusions, the Court must note that it does not find that the actions alleged by Plaintiffs constitute acceptable behavior, nor that the actions of public school employees are free from judicial review. Rather, the Court finds merely that where there exist adequate state civil and criminal remedies to redress the excessive use of force by public school employees in implementing corporal punishment, these remedies are the proper means of redress.

### III. *Sua Sponte* Remand

■ Where federal claims have been dismissed in a case originally removed from state court, a district court has discretion to remand the remaining pendent claims *sua sponte* upon a proper determination that retaining jurisdiction over the case would be inappropriate. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In light of the Court's finding that Plaintiffs' federal claims under 42 U.S.C. § 1983 should be dismissed, and there being no basis for diversity jurisdiction over the remaining claims for battery, a retention of jurisdiction by the Court over this action would be inappropriate. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Needless decisions of state law should be

---

1. *See, e.g.,* Fla. Stat. Ann. § 232.275 (West 1999); *Williams v. Cotton,* 346 So.2d 1039, *cert. denied,* 354 So.2d 988 (1977).

2. For examples of cases in which other courts have drawn similar conclusions, see *Fee v. Herndon,* 900 F.2d 804, 808 (5th Cir.), *cert. denied,* 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990) ("Our precedents dictate that injuries sustained incidentally to corporal punishment, irrespective of the severity of these injuries or the sensitivity of the student, do not implicate the due process clause if the forum state affords adequate post-punishment civil or criminal remedies for the student to vindicate legal transgressions."); *Gaither v. Barron,* 924 F.Supp. 134, 136 (M.D.Ala.1996) ("Because of the availability in Alabama of state criminal and civil actions against a teacher who excessively punishes a child, it would be a misuse of this court's judicial power to consider whether this particular instance of corporal punishment was arbitrary or excessive."); *Harris v. Tate Co. School Dist.,* 882 F.Supp. 90, 90–91 (N.D.Miss.1995) ("Since 1977, the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have consistently held that a student's due process rights are not violated by the administration of corporal punishment if the state affords him adequate post-punishment remedies."); *Rhodus v. Dumiller,* 552 F.Supp. 425, 428 (M.D.La.1982) ("Plaintiff has adequate state court remedies to protect any rights he may have for the defendant's alleged violation of the school board's regulations.").

**1350**

avoided.... Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."). Accordingly, Plaintiffs' claims should be remanded to state court for further proceedings.

## CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that the Motion be, and the same is hereby, GRANTED in part. Plaintiffs' counts for violations of 42 U.S.C. § 1983 are hereby DISMISSED. The remainder of the Complaint is further REMANDED to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida for further proceedings.

The Clerk of Court is directed to mark the federal file CLOSED. All pending motions not otherwise ruled upon herein are DENIED AS MOOT.