IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60663
Summary Calendar
_____

AMARRIUS SCOTT, a minor by and through his mother and next
friend, Jimmie Scott,

                                        Plaintiff-Appellant,

versus

ELVIN SMITH, individually and in his official capacity; CARDEL
WILLIAMS, in his official capacity as Superintendent of the
Claiborne County Schools; CLAIBORNE COUNTY SCHOOL BOARD,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:97-CV-100-BrS
---------------------
April 27, 2000

Before JONES, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Amarrius Scott appeals the district court's dismissal of his

federal due process claims and the dismissal of his state law

claims without prejudice.  Scott's argument that he has a due

process claim for excess corporal punishment is controlled by our

decision in Fee v. Herndon, 900 F.2d 804, 808-09 (5th Cir. 1990).

We agree with the district court that Mississippi provides

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

adequate state law remedies such that neither substantive nor procedural due process rights are implicated.  See id.; see also Coleman v. Franklin Parish Sch. Bd., 702 F.2d 74, 76 (5th Cir. 1983).  Our decision in Doe v. Dallas Independent Sch. Dist., 153 F.3d 211 (5th Cir. 1998), on which Scott relies, is inapposite.  Doe did not deal with corporal punishment and due process rights, but with allegations of sexual molestation under § 1983 and Title IX.  Further, we would be bound by Fee regardless of Doe's holding absent an intervening *en banc* or Supreme Court decision.  See Pruitt v. Levi Strauss & Co., 932 F.2d 458, 465 (5th Cir. 1991).

We also reject Scott's claim that the district court abused its discretion by dismissing his claims without prejudice rather than remanding them.  Scott argues that he will be forced to incur additional costs for refiling and will have to have the defendants served anew.  He also contends that the statute of limitations will be affected by a dismissal.

Although Scott moved the district court to remand rather than dismiss his state law claims, he failed to articulate in the district court the specific reasons that he now asserts on appeal, nor does he cite to any authority on appeal in support of his position.  Thus, we may decline to address this issue.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999) (court will not entertain theory raised for first time on appeal), *cert. denied*, -- U.S. --, 120 S.Ct. 982 (2000); Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) (failure to brief an issue adequately on appeal results in abandonment of that issue).

Moreover, Scott has failed to demonstrate that the district court abused its wide discretion in dismissing the claims without prejudice rather than remanding them.  See <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 351-53 (1988).  In addition, Scott's concern regarding the statute of limitations is unfounded.  See 28 U.S.C. § 1367(d) (providing for tolling of state statute of limitations during pendency of federal action); <u>Norman v. Bucklew</u>, 684 So. 2d 1246, 1256 (Miss. 1996) (holding that statute of limitations is tolled when state claims are brought with federal claims and that dismissal without prejudice does not affect tolling).

For the foregoing reasons, we AFFIRM the judgment of the district court.

AFFIRMED.