WIENER, Circuit Judge,
Specially Concurring:
In recent years, this circuit has become increasingly isolated in our position that *877 substantive due process cannot be implicated by injuries that students suffer incidental to disciplinary corporal punishment as long as the state affords adequate civil or criminal remedies. I now perceive our isolation to be total. Given our strict rule of stare decisis, however, this panel could not invoke that trend to change our disposition of the Moores’ claims. It nevertheless seems to me that the facts surrounding Aaron’s alleged injury present a proper occasion for us to re-examine our rule in light of this trend, regardless of the possibility that in the end the coach’s actions and the extent and degree of Aaron’s injuries might be deemed to fall short of a substantive due process violation.
When the Supreme Court affirmed Ingraham v. Wright,[1] a school paddling case and our leading corporal punishment decision, the Court ruled that subjecting students to corporal punishment without prior notice and a hearing did not violate procedural due process. The Court had limited its grant of certiorari in Ingraham, however, to two questions: whether there was a procedural due process violation and whether corporal punishment at school represented cruel and unusual punishment.[2] In so doing, the Court declined to review a third question that we had answered in the negative in Ingraham: Can severe corporal punishment constitute a substantive due process violation?[3]
Although it focused on procedural requirements, the Court in Ingraham did hold that corporal punishment implicates Fourteenth Amendment liberty interests.[4] The Court also observed that “there can be no deprivation of substantive rights as long as disciplinary corporal punishment is tvithin the limits of the common-law privilege.”[5]
The Supreme Court in Ingraham thus framed the threshold fact question whether corporal punishment may rise to a substantive due process violation: Did the corporal punishment imposed exceed the common-law privilege historically afforded to school authorities seeking to discipline students? I find more significant that which the Court did not hold: It did not proclaim that an adequate remedy provided by state law or procedure constitutes a per se bar to a student’s ability to state a substantive due process claim based on excessive corporal punishment. This significance is heightened by the Supreme Court’s subsequent writing to the effect that, unlike a procedural due process violation, a substantive due process violation is complete when it occurs,[6] making irrelevant the availability of any post hoc state remedy.
Over the past two decades, we have established a line of panel opinions, culminating in Fee v. Herndon,[7] founded on the part of our Ingraham decision that was not reviewed by the Supreme Court. Through these holdings, we have solidly *878 established that, when a state sets reasonable limits and provides adequate remedies, corporal punishment cannot constitute arbitrary state action and therefore cannot support a claim grounded in a violation of substantive due process. Yet, a careful reading of the cases that make up this line of decisions reveals that we have never closely examined the adequacy of those state remedies, instead simply dismissing § 1983 claims against school districts and individual defendants alike, regardless of whether they might be immune from suit. (As a matter of fact, Texas school districts generally do have state-law governmental immunity from tort claims brought by injured students.[8])
In the instant case, the district court concluded that Coach Beene was immune from tort liability under Texas’s common-law official immunity.[9] To reach that result, the court had to find that Beene acted reasonably (and thus presumably within the common-law disciplinary privilege identified by the Supreme Court in Ingraham, signifying that no constitutional violation occurred).[10] We acknowledged in Fee that, as to school corporal punishment cases in general, “under Cunningham [plaintiffs’] choice of forum may be restricted to state courts.”[11] I submit that, if all defendants in these cases prove to be immune from liability under Texas law, the question is presented whether the state really provides a remedy to injured students at all, much less an adequate one.
No other circuit has followed our lead on the issue of substantive due process in school corporal punishment cases. Relying on Ingraham and other Supreme Court decisions, the Third,[12] Fourth,[13] Sixth,[14] Eighth,[15] Tenth,[16] and — most re *879 cently — the Eleventh[17] circuits have determined that excessive corporal punishment can indeed violate a student’s substantive due process rights, irrespective of the availability of an adequate state law remedy. Additionally, the Ninth Circuit has held that students are protected from excessive force under either the Fourth Amendment or the Due Process Clause,[18] and the Seventh Circuit has held that unreasonable liberty restrictions or corporal punishment could violate a public school student’s Fourth Amendment rights.[19]
Very recently, in Neal v. Fulton County Bd. of Educ.,[20] the Eleventh Circuit held that a student who was blinded in one eye when his football coach punished him for fighting by hitting him with a weight lock, stated a claim for a substantive due process violation through excessive corporal punishment. In Neal the Eleventh Circuit wrote that “[t]he vast majority of Circuits have concluded that substantive due process principles established by the Supreme Court protect a student from corporal punishment that is intentional, obviously excessive, and creates a foreseeable risk of serious injury.”[21] The Neal court construed its binding precedent — specifically, the “old” Fifth Circuit’s decision in Ingraham,[22] — and concluded that this court “did not say that under no set of circumstances could corporal punishment rise to the level of a constitutional violation.”[23] The Neal court went on to distinguish Ingraham by noting that, in addition to having found the concept of corporal punishment neither arbitrary nor unrelated to legitimate educational goals, the old Fifth had examined an existing school policy and declined to assess individual punishments administered under that policy.
The Eleventh Circuit concluded that the Supreme Court’s decision in Ingraham “strongly suggested a favorable view” of the position that excessive corporal punishment can violate substantive due process rights.[24] Through Neal, the Eleventh Circuit “join[ed] the vast majority of Circuits in confirming that excessive corporal punishment, at least where not administered in conformity with a valid school policy authorizing corporal punishment as in Ingraham, may be actionable under the Due Process Clause when it is tantamount to arbitrary, egregious, and conscience-shocking behavior.”[25]
It now seems clear to me that in Fee we placed too much reliance on the mere existence of putative state-law remedies when we answered in the negative the question “whether the federal Constitution independently shields public school students from excessive discipline.”[26] The notion that no student injury inflicted under the banner of discipline — regardless of how shocking *880 or severe — can be the result of arbitrary-action as long as relevant state laws are in place, flies in the face of the constitutional concept of substantive due process as viewed by at least seven other federal appellate courts that have addressed this question. Conversely, I find no other circuit in accord with our position as exemplified by Fee.
Reluctant as each of us is to have the federal courts become any more involved than we must in such local concerns as school discipline — and rightly so — I respectfully but earnestly suggest that now is the time for this court, sitting en banc, to re-examine its position. Can we be the only circuit that is “in step” and all the rest out of step? We should not demur in our own housekeeping chores and merely leave to the Supreme Court the job of eliminating the existing split between this one circuit and all the rest that have announced an opposite position on the subject.

. 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

. Id. at 659, 97 S.Ct. 1401.

. Id. at 659 n. 12, 679 n. 47, 97 S.Ct. 1401.

. Id. at 674, 97 S.Ct. 1401.

. Id. at 676, 97 S.Ct. 1401 (emphasis added).

. See, e.g., Zinermon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (noting that "the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.’... [T]he constitutional violation actionable under § 1983 is complete when the wrongful action is taken. A plaintiff ... may invoke § 1983 regardless of any state-tort remedy that might be available to compensate him for the deprivation of these rights.”) (citations omitted).

. 900 F.2d 804 (5th Cir. 1990); see Cunningham v. Beavers, 858 F.2d 269 (5th Cir.1988), cert. denied, 489 U.S. 1067, 109 S.Ct. 1343, 103 L.Ed.2d 812 (1989) (construing Texas law); Woodard v. Los Fresnos Ind. Sch. Dist., 732 F.2d 1243 (5th Cir.1984) (Texas law); Coleman v. Franklin Parish Sch. Bd., 702 F.2d 74 (5th Cir. 1983) (Louisiana law).

. See, e.g., Barr v. Bernhard, 562 S.W.2d 844, 846 (Tex.1978) ("The law is well settled in this state that an independent school district is an agency of the state and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort.”); Fee, 900 F.2d at 810 n. 9 (assuming without deciding that post-punishment relief is unavailable under state law against school district, supervisor, and trustees).

. Government employees are entitled to official immunity from suit arising from the performance of their discretionary duties in good faith as long as they act within the scope of their authority. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994).

. We reversed that finding when we declined to exercise jurisdiction over the state-law claims. We neither express nor imply an opinion as to the severity of Aaron’s injuries, the merits of the Moores’ tort claims, the reasonableness of Beene’s conduct, his immunity from liability, or any other issues germane to the Moores’ state-law claims.

. 900 F.2d at 809.

. Metzger v. Osbeck, 841 F.2d 518, 520 (3d Cir.1988) ("A decision to discipline a student, if accomplished through excessive force and appreciable physical pain, may constitute an invasion of the child's Fifth Amendment liberty interest in his personal security and a violation of substantive due process prohibited by the Fourteenth Amendment.”).

. Hall v. Tawney, 621 F.2d 607, 613 (4th Cir.1980) (concluding that the "right to ultimate bodily security — the most fundamental aspect of personal privacy — is unmistakably established in our constitutional decisions as an attribute of the ordered liberty that is the concern of substantive due process. Numerous cases in a variety of contexts recognize it as a last line of defense against those literally outrageous abuses of official power whose very variety makes formulation of a more precise standard impossible.... [W]e simply do not see how we can fail also to recognize it in public school children under the disciplinary control of public school teachers.”).

. Saylor v. Bd. of Educ. of Harlan County, Ky„ 118 F.3d 507, 514 (6th Cir.1997).

. London v. Directors of DeWitt Pub. Sch., 194 F.3d 873, 876-77 (8th Cir.1999); Wise v. Pea Ridge Sch. Dist., 855 F.2d 560, 564 (8th Cir.1988) (stating that "at some point the administration of corporal punishment may violate a student’s liberty interest in his personal security and substantive due process rights”).

. Garcia v. Miera, 817 F.2d 650, 654 (10th Cir.1987), cert. denied, 485 U.S. 959, 108 S.Ct. 1220, 99 L.Ed.2d 421 (1988) ("Although Ingraham makes clear that ordinary corporal punishment violates no substantive due process rights of school children, by acknowl *879 edging that corporal punishment implicates a fundamental liberty interest protected by the Due Process Clause, we believe that opinion clearly signaled that, at some degree of exces-siveness or cruelty, the meting out such punishment violates the substantive due process rights of the pupil.”).

. Neal v. Fulton County Bd. of Educ., 229 F.3d 1069 (11th Cir.2000).

. P.B. v. Koch, 96 F.3d 1298, 1303 n. 4, 1304 (9th Cir. 1996) (stating that principal who physically assaulted students violated their clearly established constitutional rights, but noting that “for purposes of resolving this qualified immunity appeal, we need not and do not resolve the question of whether the Fourth Amendment, rather than the Due Process Clause, protects a student from the use of excessive force by a school official.”).

. Wallace v. Batavia Sch. Dist. 101, 68 F.3d 1010, 1014-16 (7th Cir. 1995) (evaluating corporal punishment under Fourth Amendment seizure standard and rejecting plaintiff student's theory of recovery under both Fourth and Fourteenth Amendments).

. 229 F.3d 1069.

. Id. at 1071.

. 525 F.2d 909, 916-17 (5th Cir.1976) (en banc).

. Neal, 229 F.3d 1069, 1072-73.

. Id. at 1074.

. Id. at 1075.

. Fee, 900 F.2d at 808.