IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40206
Summary Calendar

_____

ALEX RAMIREZ, JR.,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; LARRY JOHNS, Warden,
Michael Unit; MIKE WILSON, Assistant Warden, Michael Unit;
ROBERT HERRERA, Assistant Warden, Michael Unit; JOHN DOES,
Several Gang Intelligence Officers, Michael Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-685
--------------------
July 19, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alex Ramirez, Jr., Texas prisoner # 731967, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint as
frivolous and for failure to state a claim pursuant to 28 U.S.C.
§§ 1915(e)(2)(B)(i) & (ii). Ramirez argues that the district court
improperly dismissed his claims that (1) prison officials violated
the Eighth Amendment by failing to protect him from injuries
incurred during a prison gang war; (2) he was investigated as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

suspected gang member solely because he is of Hispanic descent; and (3) he was denied due process when he was placed in administrative segregation without benefit of a prior hearing.

Not every injury "by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Ramirez has failed to show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Accordingly, the district court did not abuse its discretion in dismissing Ramirez' Eighth Amendment failure-to-protect claim as frivolous. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

"The equal protection clause is not violated solely because an action has a racially disproportionate impact if it is not motivated by a racially discriminatory purpose." *Coleman v. Franklin Parish Sch. Bd.*, 702 F.2d 74, 77 (5th Cir. 1983). Because Ramirez' complaint rests on conclusions alone, he has failed to state a claim for an equal protection violation. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995)(en banc). After a *de novo* review of this claim, we conclude that it was properly dismissed for failure to state a claim. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

Finally, Ramirez' claim that he was denied due process prior to being placed in administrative segregation while his suspected gang affiliation was being investigated is meritless. "[A]bsent

extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Therefore, the district court properly dismissed this claim as frivolous. *Siglar*, 112 F.3d at 193.

The district court's dismissal of Ramirez' complaint for failure to state a claim and as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). Ramirez is warned that if he accumulated three "strikes," he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED.